## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JORGE A. TORRES, JR.,

      Plaintiff,

v.                                  Case No: 5:16-cv-267-Oc-30PRL

AMY TOOLEY and FLORIDA
DEPARTMENT OF CHILDREN AND
FAMILIES,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court on Defendant Amy Tooley's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 29) and Plaintiff's response in opposition. (Doc. 32). In his response, Plaintiff includes a prayer for relief requesting, in part, that this Court recuse itself and that the Court appoint Plaintiff counsel since he is indigent. (Doc. 32, p. 7). The Court construes these requests as a motion to disqualify and motion to appoint counsel. Having considered these filings, the amended complaint, and the relevant law, the Court concludes Defendant's motion to dismiss should be granted, and Plaintiff's motions to disqualify and appoint counsel should be denied.

## I. MOTION TO DISMISS

### A. Standard

"Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In recognition of Plaintiff's pro se status, the Court affords Plaintiff wide latitude when construing his pleadings. Although the Court holds Plaintiff as a pro se litigant to "a less stringent standard," Plaintiff may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### B. Procedural Background

On April 8, 2016, Plaintiff filed this action against Defendant Florida Department of Children and Families ("DCF") and Defendant Tooley. (Doc. 1). DCF moved to quash service of the complaint, which the Court granted. (Doc. 16). Tooley moved to dismiss the complaint arguing, in part, that the complaint failed to state a claim. (Doc. 17). The Court dismissed the complaint without prejudice, concluding it failed to state a cognizable claim or demonstrate that the Court had jurisdiction. (Doc. 27).

Plaintiff then filed an amended complaint (Doc. 28), which Tooley again moved to dismiss. (Doc. 29). Plaintiff then filed an *ex parte* emergency motion to compel Tooley to stop making false allegations against him. (Doc. 33). In denying the *ex parte* motion, the Court informed Plaintiff that the motion did not request relief the Court had authority to grant due to the Court's lack of jurisdiction over DCF. (Doc. 34).

## C. Discussion

The amended complaint must be dismissed because Plaintiff failed to state any cognizable claim. The amended complaint attempts to assert four counts against Tooley for violations of 42 U.S.C. § 1983 as it relates to Plaintiff's First, Fourth, and Fifth Amendment rights. To state a claim under § 1983, Plaintiff must show that: (1) Tooley deprived him of a right secured by the Constitution or federal law; and (2) the deprivation occurred under color of state law. *See Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998). While the amended complaint succeeds in referencing constitutional rights and actions taken under color of law, it fails to state a plausible basis as to how Tooley's alleged actions caused any deprivation of Plaintiff's constitutional rights.

As far as the Court can tell, Plaintiff was involved in a dispute with his wife, which led to a restraining order and him leaving his house with his children. Tooley, in her role as a DCF investigator, became involved when she communicated with Plaintiff while he was taking his children to Pennsylvania. Based on his conversation with Tooley, Plaintiff returned to Florida and was detained by law enforcement (based on some allegation of criminal wrongdoing in El Salvador) for 25 minutes before being released.

Beyond that, Plaintiff makes only vague and conclusory allegations that Tooley (1) accused him of threats, (2) maliciously prosecuted him, (3) entered his property to collect evidence without a warrant, (4) seized his children, (5) failed to inform him that his conversation with Tooley could be used to criminally prosecute him, (6) maliciously pursued him as a "Sexual Predator and Children Thief," and (7) unlawfully procured his arrest while knowing the El Salvador charges had no legal effect in the United States. Plaintiff also references court proceedings, but does not explain their nature. Besides these generic claims, the Court cannot discern what Tooley did or how it affected Plaintiff. As such, the Court concludes the amended complaint fails to state a cognizable claim.

Although the amended complaint does not state a claim, the Court cannot say that allowing Plaintiff to amend would be futile.[1] Accordingly, Plaintiff will be given another opportunity to amend his complaint. *Kennedy v. Bell S. Telecommunications, Inc. (AT&T)*, 546 F. App'x 817, 820 (11th Cir. 2013).

## II. <u>MOTION TO DISQUALIFY</u>

Plaintiff requests the Court "be recused for being bias [sic] and prejudiced against Plaintiff and in favor of Defendant for Defendant being part of the Government." Plaintiff cites to 28 U.S.C. § 144 in support of his request. However, Plaintiff failed to provide any

---

[1] In reaching this conclusion, the Court notes that whether the immunities raised by Tooley apply cannot yet be determined. That said, the Court rejects Tooley's argument that Plaintiff's federal claims should be dismissed based on Florida's litigation privilege. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1275 (11th Cir. 2004) ("Florida's litigation privilege applies to the state-law claims adjudicated in federal court."); *Dyer v. Choice Legal Grp. P.A.*, No. 5:15-CV-69-OC-30PRL, 2015 WL 3650925, at *1 (M.D. Fla. June 11, 2015) ("Florida's litigation privilege does not apply to claims brought under federal law.").

factual basis supporting his allegations of bias, rendering the motion deficient. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir.2000) ("To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists.").[2] Accordingly, Plaintiff's motion to disqualify is denied.

## III.   MOTION TO APPOINT COUNSEL

Plaintiff's motion is denied as he has not demonstrated entitlement to counsel. *See Burgess v. Bradshaw*, 626 F. App'x 257, 259 (11th Cir. 2015) (explaining, "A plaintiff in a civil case has no constitutional right to counsel. ... Appointment of counsel in a civil case is a privilege that requires exceptional circumstances, such as the presence of facts and legal issues that are so novel and complex as to require the assistance of a trained practitioner. ... The following factors determine whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.")

Accordingly, it is ORDERED AND ADJUDGED that:

1.      Defendant Amy Tooley's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 29) is GRANTED.

---

[2] To the extent Plaintiff is claiming the Court's bias arose during the course of these proceedings, Plaintiff must also demonstrate the Court's opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

2.      Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint.

3.      Plaintiff's Motion to Disqualify (Doc. 32) is DENIED WITHOUT PREJUDICE.

4.      Plaintiff's Motion to Appoint Counsel (Doc. 32) is DENIED WITHOUT PREJUDICE.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of October, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record